The petitioners set forth that on 5 June, 1817, they entered a tract of land in Rutherford County, and on 18 November, 1818, obtained a grant for the same; but that one David Miller, late entry taker of Rutherford, made an entry in his own office for the land, or a part thereof, without having made any entry before a justice of the peace for the county, and without any justice of the peace making a return to the next court of pleas and quarter sessions of such entry; and that there was no entry, either on the record of the county court or on the entry taker's books, that Miller's entry ever was inserted on the records of the court by direction of the court; that Miller had procured a grant to issue upon his entry by means of false suggestions; that Logan, the defendant, was in possession claiming under Miller's grant; and prayed that Miller's grant might be vacated and they let into the possession.
Logan answered that he was a purchaser for a valuable consideration, without notice of any defect in Miller's title; and that he and those under whom he claimed had been in quiet possession under color of title, within known and visible boundaries, for more than twenty-one years before the filing of the petition, and, therefore, he pleaded the act of 1791 in bar.
A jury before Paxton, J., found that Logan was a fair and bona fide
purchaser for valuable consideration without notice of any fraud or defect in Miller's title, and that defendant and those under whom (320) he claimed had been in quiet possession for more than twenty-one years, under color of title and within known and visible boundaries before the filing of the petition and before the entry and grant of the petitioners.
The petition was then dismissed with costs, and the petitioners appealed.
(321) Miller is not a party to the proceedings now before the Court, and no decree, for that reason, can be made against him. We cannot, therefore, undertake to vacate the grant complained of which the State made to him. *Page 177 
The act of 1793, which gave this Court jurisdiction in regard to grants, does not give it jurisdiction with regard to mesne conveyances from one man to another. Therefore, we have no power to disturb the conveyances made to Logan and to those under whom he claims. Whatever title he may have by possession under color of those mesne conveyances we must leave him in the undisturbed possession of. I agree in opinion with the judge in the Superior Court that the petition must be dismissed with costs.
The other judges concurred.
PER CURIAM. Affirmed.
Cited: Crow v. Holland, 15 N.C. 418; Miller v. Twitty, 20 N.C. 10.
(322)